36 F.3d 1105
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony Jerome HARRIS, Petitioner-Appellant,
v.
Ron CHAMPION, Warden; Attorney General; Steve Hargett;
Stephen Kaiser; Bobby Boone; Dan Reynolds; Joy Hadwiger;
Michael Cody' Edward Evans, jr., Jack Cowley; Neville
Massie; H.N. Scott; Sue Frank; Denise Spears; Earl
Allen; Jim Sorrels; Oklahoma Court of Criminal Appeals;
Honorable James F. Lane; Honorable Gary L. Lumpkin;
Honorable Thomas Brett; Honorable Ed parks; Honorable
Charles A. Johnson; Oklahoma Indigent Defense Systems
(OIDS); Henry A. Meyer, III, also known as Hank Meyer;
Richard Reeh; Doug Parr; Richard James; Becky
Pfefferbaum, M.D.; Patti Palmer; E. Alvin Schay,
Respondents-Appelles,
Oklahoma Criminal Defense and National Association of
Criminal Defense Lawyers, Amicus Curiae.
 Nos. 93-5191, 90-C-448-B, 90-C-475-B.
 United States Court of Appeals, Tenth Circuit.
 Sept. 27, 1994.
 
 Before BRORBY, LOGAN and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 On September 8, 1993, petitioner filed the present appeal from the district court's order of August 10, 1993, denying petitioner habeas relief on his claim that his due process rights were violated by delays in adjudicating his direct criminal appeal in Oklahoma state court. At the time the district court entered its August 10 order, additional habeas claims of petitioner were still pending before the district court. In disposing of this appeal, we take judicial notice that a new district court judge was assigned to the case after the August 10 order was entered, and that the new judge entered an order on March 29, 1994, dismissing petitioners' remaining habeas claims for failure to exhaust. Petitioner has not appealed the entry of that order to date.
 
 
 3
 In light of the district court's ruling of March 29, it appears that petitioner's habeas petition presented both exhausted and unexhausted claims. The Supreme Court has held that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." Rose v. Lundy, 455 U.S. 509, 522 (1982). Therefore, rather than addressing the merits of plaintiff's exhausted due process claim arising from delay in adjudicating his direct criminal appeal, the district court should have either dismissed that claim, along with the unexhausted claims, or given petitioner an opportunity to resubmit his habeas petition raising only the exhausted claim. See id. at 520. We note that the district court has already addressed the third alternative, which involves considering whether petitioner's claims would be procedurally barred if he returned to state court and, if so, determining whether petitioner can show cause and prejudice to avoid the procedural bar. See Coleman v. Thompson, 501 U.S. 722, 735 n.* (1991); Harris v. Champion, Nos. 90-C-448-E & 90-C-475-E, Order of March 29, 1994, at 10-12 (N.D. Okla.1994)(unpublished order).
 
 
 4
 We therefore VACATE the judgment of the United States District Court for the Northern District of Oklahoma entered August 10, 1993, and REMAND the action to the district court with directions to determine the status of petitioner's unexhausted claims and, if those claims remain unexhausted, either to dismiss petitioner's due process claim relating to appellate delay or to permit petitioner to refile his habeas petition asserting only his exhausted claim.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470